17bQbatC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

TERRENCE BATTLE, ET AL.,

                    Plaintiff,

          v.                          11 CV 3599 (RMB)

CITY OF NEW YORK, ET AL.,

                    Defendant.

------------------------------x

                                      New York, N.Y.
                                      July 11, 2011
                                      9:25 a.m.

Before:

                    HON. RICHARD M. BERMAN,

                                      District Judge

                         APPEARANCES

NEW YORK CIVIL LIBERTIES UNION
     Attorneys for Plaintiff
BY:  CHRISTOPHER T. DUNN

NEW YORK CITY LAW DEPARTMENT
     Attorneys for Defendant NYC
BY:  MARK ZUCKERMAN

1            (In open court)

2            THE COURT:  How are you all?

3            MR. DUNN:  Good morning, Judge Berman.

4            THE COURT:  Nice to see you.  So I have a few things

5    to raise.  Apparently, there was a death in the family of the

6    attorney for the proposed intervenor, so he is not here today.

7    One of the things we do need to do is talk about is his

8    proposed motion.  Maybe I might just start.  Is there going to

9    be an opposition to that motion?

10           MR. DUNN:  Your Honor, I suspect the plaintiffs will

11   oppose it.

12           THE COURT:  I see.  So I will have to set a schedule

13   for him to file.

14           MR. DUNN:  Just to be clear, they may have an interest

15   and we would have no objection to their participating as

16   amicus, I'm just not sure it makes sense, nor are they entitled

17   to intervene as a party.

18           THE COURT:  As a legal matter.

19           What about the defense, do you care or not?

20           MR. ZUCKERMAN:  It's unlikely that we would oppose it.

21           THE COURT:  I see.  One thing we will do is the motion

22   was not properly filed the first time around.  Even though

23   counsel is not here, I will ask the defense counsel to call him

24   and tell him once we clear this -- you also want to make a

25   motion, is that right?

1      MR. ZUCKERMAN:  That's correct, your Honor.  We

2 propose a motion to dismiss on behalf of the City.

3      THE COURT:  And your proposed motion presumably would

4 be dispositive of the whole case?

5      MR. ZUCKERMAN:  Well, it would be as to the existing

6 defendants now.  However, the --

7      THE COURT:  The existing defendants.

8      MR. ZUCKERMAN:  Well, there are two named defendants

9 right now, the City and Raymond Kelly.  The motion would be

10 dispositive as to plaintiff's allegations and claims against

11 them.

12      THE COURT:  I see.

13      MR. ZUCKERMAN:  However, the plaintiffs now want to

14 amend the complaint to name the individual officers who were

15 involved in the incidents.

16      THE COURT:  I see.

17      MR. ZUCKERMAN:  Although we haven't fully considered

18 the ramifications of that, my thinking is that we probably

19 would not move on behalf of the individual defendants, but we

20 would move on behalf of the City and Commissioner Kelly.

21      THE COURT:  What we usually do in my practice is to

22 allow an amendment, but then the motion, if it were successful,

23 would be dispositive of the case.  We don't do motion, amend,

24 motion, amend ad infinitum number.

25      So we ask the plaintiff in a situation like this to

1    amend, state the strongest case you have on the theory that if

2    the motion to dismiss after that date is successful, the case

3    would be over.

4            MR. DUNN:  Understood, your Honor.  To be clear, we

5    listed as John Does and Jane Does the individual officers.  So

6    what we are doing in amending is simply identifying the

7    officers who are named as defendants from our perspective of

8    the claim.

9            THE COURT:  But I am also going to give you the

10   opportunity, if you want, to supplement your claims in any way.

11           MR. DUNN:  Frankly, I don't anticipate doing that.  I

12   hear what you are saying, but I suspect it will simply be

13   naming in lieu of the John and Jane Does.

14           THE COURT:  Their names?

15           MR. DUNN:  Yes.

16           THE COURT:  Do I understand you are going to do that

17   by July 22?

18           MR. DUNN:  That's correct.

19           (Pause)

20           THE COURT:  Why don't we do this:  Instead of having

21   multiple motions, maybe we can have your motion to dismiss

22   following July 22 coupled with the proposed motion for

23   intervention, so one joint motion.  Then Mr. Dunn only has to

24   respond, so to speak, to one document and you all will have to

25   figure out a way to put it together; that is, particularly if

1    you are not opposing the motion to intervene.

2              MR. ZUCKERMAN:  Just to be fair, my motion papers

3    wouldn't be combined with Mr. Jackson's.

4              THE COURT:  Yes, they would be.  Because for all I

5    know, he might want to dismiss as well, so --

6              MR. ZUCKERMAN:  But as far as the request to

7    intervene, that would be separate?

8              THE COURT:  What I would like you to do is somebody to

9    draft them together and make it clear that that branch as to

10   motions was a motion to intervene; not the City's motion, but

11   his motion.  What I am also thinking is they are probably going

12   to have a position one way or another on proposed dismissal or

13   not, I'm guessing.

14             MR. ZUCKERMAN:  He would have some position on that,

15   you mean?

16             THE COURT:  I am thinking, so that is why I am

17   thinking do it both together.  So, two things:  One is I would

18   like you to call him; but, two, order a copy of today's

19   transcript to so indicate what I have in mind, which is one

20   defense motion.  You will have to figure out when that is going

21   to be filed next, but it would include the bases for dismissal

22   and whether he would agree with them or not, just so we know,

23   and also a separate little section by him, I guess, even though

24   it is in one document, as to why he should be allowed to

25   intervene.  Then Mr. Dunn can respond both to the intervention

1    and the substantive motion to dismiss in one document.  So it

2    will just be a little more convenient for us and I think

3    ultimately for you all as well.

4              MR. ZUCKERMAN:  Sure.

5              THE COURT:  So then the question is when?  If Mr. Dunn

6    amends July 22, what is a reasonable time for you after that to

7    move?

8              MR. ZUCKERMAN:  I think we can do it pretty quickly

9    because, like you've already said, we are going to move on

10   behalf of the City and Ray Kelly probably only, not the

11   individual -- first of all, I don't even know if we will be

12   representing the individual defendants.

13             THE COURT:  We will see about that.  When you say

14   quickly, what is your proposed date?

15             MR. ZUCKERMAN:  I would say two week after the 22nd?

16             THE COURT:  I think that's August 5.  Does that work?

17             MR. ZUCKERMAN:  Sure.

18             THE COURT:  So, again, what I would like you to

19   converse with him is:  (A) to include in that motion his basis

20   for intervention, which we already know, because he's filed a

21   motion already; and (B) to state what his position is vis-a-vis

22   your motion to dismiss because Mr. Dunn is right, whether it's

23   as an amicus or a party, we might as well know it at that time

24   to simplify matters greatly.  So that is also part of that

25   motion to dismiss.  Then, Mr. Dunn, do you want to --

1          MR. DUNN:  Your Honor, here is the challenge for me.

2     I am actually out of the office on vacation the two weeks after

3     the 5th.  So I would like at least to have two weeks to work on

4     it.  So, I would say Friday, September 2?

5          THE COURT:  You got it.

6          MR. DUNN:  Thank you.

7          THE COURT:  Then the joint reply?

8          MR. ZUCKERMAN:  Only because of vacation plans in

9     September, I'd say three weeks after that.  Only because of

10    vacation plans.

11         THE COURT:  OK.  So, the 23rd of September?

12         MR. ZUCKERMAN:  Yes.

13         MR. DUNN:  Your Honor, if you don't mind,

14    Mr. Zuckerman advised me he's going to be gone the week after

15    Labor Day --

16         MR. ZUCKERMAN:  The week before and the week after

17    Labor Day.

18         MR. DUNN:  All I would suggest is since he's not going

19    to be in the office the week of Labor Day and I will, if I

20    could take that week?  So I go from the 2nd to the 9th.  He

21    would stay with the 23rd.

22         THE COURT:  OK.

23         MR. DUNN:  Thank you.

24         THE COURT:  You got it.  Is this one you would want to

25    argue, have some oral argument on this?  It sounds interesting.

17bQbatC

```
 1              MR. ZUCKERMAN:  Yes.

 2              MR. DUNN:  We certainly would, your Honor.

 3              THE COURT:  It won't be lengthy, but we will.  So, now

 4      here is the trick for the defendants.  Page limits still apply.

 5      I don't think that the motion for intervention needs to be a

 6      lengthy addition so, say, maybe an extra five pages to deal

 7      with intervention.

 8              MR. ZUCKERMAN:  So you're contemplating --

 9              THE COURT:  30 altogether.

10              MR. ZUCKERMAN:  Yes, that would work.

11              THE COURT:  I think that's probably more than enough.

12              MR. ZUCKERMAN:  Yes.

13              THE COURT:  If you want 30 pages to respond, Mr. Dunn,

14      you could have that.

15              MR. DUNN:  Thank you, your Honor.

16              THE COURT:  I think that is about it for today unless

17      you have anything else.  Are you moving along with discovery?

18      There was a discussion of that in the letters, and I endorsed

19      that saying that there is no stay of discovery.

20              MR. DUNN:  We have a conference with Judge Pitman

21      tomorrow, and we are moving forward.

22              THE COURT:  What about settlement, any discussion of

23      that or is that not likely here?

24              MR. DUNN:  We talked.  It appears it is not likely.

25              MR. ZUCKERMAN:  Your Honor, if I may, just on the
```

1    stay, I know your Honor wasn't inclined to go along with it,

2    but would your Honor consider some type of either bifurcation

3    of Monell, or municipal liability discovery or at least stay

4    the Monell discovery?  It just seems to me -- the biggest

5    stumbling block as far as potential resolution of the case,

6    Mr. Dunn wants some type of injunctive remedy as part of a

7    settlement, and that is something that we can't agree to at

8    this time, but if our motion to dismiss, at least to the

9    aspects of injunctive relief, are granted, we believe we're

10   very strong on those issues, I think that this case would be a

11   lot closer to being resolved.  It just seems that a lot of

12   time, expense and money will go to Monell discovery when it may

13   not very well be necessary if our motion is granted, so...

14        THE COURT:  I get that.  Here is the thing:  I have

15   been down this road so many times.  At the beginning of the

16   road, I used to go along with these bifurcations, and they

17   never proved more efficient than the opposite.  So, I think

18   it's better off just to move forward, see where we are, put

19   everything on the table, as it were, and take it from there.

20        So, all right, nice to see you all.

21        MR. DUNN:  Your Honor, one thing.  You mentioned

22   argument.  Do you want to schedule an argument?

23        THE COURT:  Not yet.  Let me see what the motion looks

24   like.  We don't usually schedule the argument until we are

25   virtually ready to decide the motion or until at least we know

17bQbatC

1    everything we need to know to decide it, so I don't know

2    exactly when that is going to be.

3                MR. SKWRAO:  Great.  Thank you, your Honor.

4                THE COURT:  Great to see you.  We will post this

5    today, incidentally, on ECF.

6                (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25